**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: KEYSTONE DATA BREACH LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | Master File No. 1:22-cv-01643-CCC<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 26 U.S.C. §§ 1332, 1441, 1446, and 1453**<br><br>[Franklin County Court of Common Pleas Case No. 2022-3708] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Keystone Rural Health Center removes Case Number 2022-3708, filed in the Franklin County Court of Common Pleas, to the United States District Court for the Middle District of Pennsylvania.

## PROCEDURAL ACTION

1. On or about November 8, 2022, Plaintiff Alexandra Brake filed a Class Action Complaint against Defendant Keystone Rural Health Center ("Keystone") in the Middle District of Pennsylvania alleging damages arising from a data breach suffered by Keystone. *See Brake v. Keystone Rural Health Center*, Case No. 1:22-cv-01784 (M.D. Pa. Nov. 8, 2022). Her allegations in this originally filed federal complaint admit that this Court has diversity jurisdiction over her claims. *Id.* at Dkt. 1, ¶ 18.

2. On November 14, 2022, pursuant to Fed. R. Civ. P. 42(a), the Middle District consolidated two earlier filed actions relating to the same data breach under the new title *In re Keystone Data Breach Litigation*, Case No. 1:22-cv-01643. Dkt. at 16. The Court also appointed Interim Co-Lead Class Counsel (which did not include Plaintiff Brake's counsel) and directed that "[n]o motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Counsel and no other plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Counsel." As Plaintiff is aware, she is a putative class member of *In re Keystone Data Breach Litigation* because her claims arise from and relate to the same data security incident. Dkt. at 17.

3. In response to this Court's actions, and against its clear directive that no other Plaintiff file or initiate proceedings without the express authorization of appointed class counsel, Plaintiff Brake voluntarily dismissed her federal action and refiled a substantially similar class action complaint in the Franklin County Court of Common Pleas on November 30, 2022.[1] *See Brake v. Keystone*, Case No. 2022-

[1]Given that Plaintiff Brake did not voluntarily dismiss her federal complaint until after she admitted that this Court has federal jurisdiction, until after the Court issued its consolidation order and until after her counsel was *not* appointed Interim Co-Lead Class Counsel by this Court, it seems apparent that Plaintiff Brake and her counsel are engaging in legal gamesmanship and forum shopping that borders on bad faith.

3708, Franklin County Court of Common Pleas. A true and accurate copy of the complaint in the state court action is attached hereto as **Exhibit A**.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), which states that the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Plaintiff served Keystone on December 2, 2022. A true and accurate copy of the return of service is attached as **Exhibit B**.

5. Plaintiff brings claims of negligence, breach of third-party beneficiary contract, breach of implied contract, breach of fiduciary duty, breach of confidences, and declaratory and injunctive relief against Keystone. Complaint at ¶ 9. No other pleadings or orders have been filed.

**VENUE AND JURISDICTION**

6. This Court has removal jurisdiction and is the proper venue because it is the judicial district and division embracing the Franklin County Court of Common Pleas, the place where the state court action is pending. 28 U.S.C. § 1441(a), 1446(a), 1453(b).

7. Diversity jurisdiction is proper because the Class Action Fairness Act ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d), extended the original jurisdiction of federal courts to class actions of 100 members or more, provided there

is minimal diversity and the aggregate sum of each individual class member's claims exceeds $5 million, exclusive of interests and costs. *See Judon v. Travelers Property Casualty Co. of America*, 773 F.3d 495, 500 (3d Cir. 2014). "In order to determine whether the CAFA jurisdictional requirements are satisfied, a court evaluates allegations in the complaint and a defendant's notice of removal." *Id.*

8. To invoke its jurisdiction, this Court need only look to allegations made by Plaintiff herself less than a month before filing this action: "The [Middle District of Pennsylvania] has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(d)(2) because (a) there are 100 or more Class members, (b) at least one Class member is a citizen of a state that is diverse from Defendant's Pennsylvania citizenship, and (c) the matter in controversy exceeds $5,000,000, exclusive of interest and costs." *Brake v. Keystone Rural Health Center*, No. 1:22-cv-01784, ¶ 18 (M.D. Pa. Nov. 8, 2022). Plaintiff cannot withdraw binding admissions made in federal court to evade a consolidation order issued by that same court. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 377 (3d Cir.2007), *as amended* (Oct. 12, 2007) (holding that facts asserted in a pleading, which are both unequivocal and which would normally require evidentiary proof, constitute judicial admissions).

9. Pursuant to this Court's order, upon removal, this case will be automatically consolidated into *In re Keystone Breach Data Litigation.* As such, it is proper to consider the facts of that first filed case, in which plaintiffs seek to represent a

nationwide class of all persons in the United States whose personal information was compromised in the Keystone security incident. Dkt. 19, ¶ 197-198. Plaintiff Brake is necessarily included in that definition. More so, that definition and this Court's consolidation order comport with the purpose of CAFA. Congress enacted CAFA after finding that some counsel abused the class action process and the concept of diversity jurisdiction by "acting in ways that demonstrate bias against out-of-State defendants" and "making judgments that impose their view of the law on other States and bind the rights of the residents of those States." CAFA, §2, 119 Stat. at 5. Or in other words, to prevent the precise scheme Plaintiff's counsel attempts here.

10. Even if Plaintiff were not attempting to recant her prior factual statements or impose on the rights of citizens in states other than Pennsylvania, jurisdiction is still proper here. The potential class, as defined by Plaintiff, contains more than 100 members because plaintiff purports to bring these causes of action on behalf of "[a]ll persons residing in Pennsylvania whose Private Information was compromised as a result of the Data Breach discovered on or about August of 2022." Complaint at ¶ 129. Keystone mailed notifications to approximately 219,555 Pennsylvania addresses (the "notified population"). Therefore, the Class plaintiff seeks to represent exceeds the statutorily required minimum of 100.

11. Geographic minimal diversity for CAFA purposes arises when any member of a class of plaintiffs, not just the class representative, is a citizen of a state different

from any defendant. 28 U.S.C. § 1332(d)(1)(D) (defining class members as all "persons (named or unnamed) who fall within the definition" of the proposed class); 28 U.S.C. § 1332(d)(2)(A).

12. For purposes of CAFA, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For Keystone, both those places are Pennsylvania. Thus, Defendant Keystone is a citizen of Pennsylvania, and diversity jurisdiction under CAFA is met if at least one named or unnamed class member is a citizen of any state outside Pennsylvania. Further, Plaintiff's attempt at narrowing the class definition to Pennsylvania residents does not defeat diversity jurisdiction because "[t]he terms 'resident' and 'citizen' are not interchangeable for diversity purposes and have distinct definitions under the law." *Tucker v. Walmart Stores E., L.P.*, No. 3:18-CV-02284, 2019 WL 2324571, at *3 (M.D. Pa. May 31, 2019).

13. In this case, where only one member of the notified population must reside and intend to remain in a state outside Pennsylvania for this Court to invoke its jurisdiction under CAFA, it is improbable that none of the affected persons across the United States has voted, bought a house, paid his taxes, or run a business in a state other than Pennsylvania. *See McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile . . .

[i]n determining an individual's domicile, a court considers several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business.") (internal citations omitted). Because at least one of the approximately 220,000 notified persons is most certainly domiciled in a state other than Pennsylvania, minimal diversity exists.

14. Furthermore, neither the "local controversy exception" nor the "home state controversy" exception work to deny subject matter jurisdiction here. *See King v. Mueller*, No. CIV.A. 3:14-1641, 2015 WL 1345174, at *1 (M.D. Pa. Mar. 25, 2015). Invoking the local controversy exception requires Plaintiff to prove, among other things, that "no other class action asserting the same or similar allegations against any of the defendants" had been filed in the preceding three years. 28 U.S.C. § 1332(d)(4)(A). The inquiry into other class actions asks simply whether "similar factual allegations have been made against the defendant in multiple class actions." *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 509 (3d Cir. 2013).

15. That is precisely the situation here. Specifically, on October 19, 2022, plaintiffs Kylie Breneman and Brandy Arroyo-Ryan filed a class action in this Court against Keystone Rural Health Center alleging that Keystone failed to protect class member's personal information from unauthorized access and disclosure. *Breneman et al v. Keystone Health*, No. 1:22-cv-01643-CCC, (M.D. Pa.) ("Breneman Class Action"), attached as **Exhibit C**. Based on these similar allegations, plaintiffs

asserted similar claims for negligence, negligence per se, breach of fiduciary duty, unjust enrichment, and breach of implied contract. There can be no dispute that the Breneman Class Action was filed within three years of this case, involves the same factual allegations as those at issue in this case, and is against the same defendants, rendering the local controversy exception inapplicable.

16. Moreover, "when a controversy results in the filing of multiple class actions, it is a strong signal that those cases may not be of the variety that the local controversy exception is intended to address." (Citations omitted). *Vodenichar* at 508. Since the filing of the Breneman Class Action, no less than seven other class action complaints have been filed between this Court and the Franklin County Court of Common Pleas—nine when counting the two dismissed in federal court and refiled in state court.[2] This Court already consolidated four of the *Breneman* copycat cases, a fate Plaintiff Brake precipitously avoided for the moment by voluntarily

[2] In addition to the Breneman Class Action and the state court action at issue for removal here, the following cases based on the same factual allegations have been filed: *Whitehead et al v. Keystone Health*, Case No. 1:22-cv-01678-CCC (M.D. Pa.) (consolidated on Nov. 14, 2022); *Nickey v. Keystone Rural Health Center*, Case No. 1:22-cv-01842 (M.D. Pa.) (consolidated on Dec. 7, 2022); *Johnson v. Keystone Rural Health Center*, Case No. 1:22-cv-01836 (M.D. Pa.) (removed and ultimately consolidated on Dec. 7, 2022); *John Hagle et al v. Keystone Rural Health Center*, Franklin County Court of Common Pleas Case No. 2022-3491 (same); *Alexandra Brake, Individually and on behalf of her son, T.B., v. Keystone Rural Health Center*, Case No. 1:22-cv-01784 (voluntarily dismissed and refiled in state court); *Kathleen Hoos v. Keystone Rural Health Center,* Case No. 1:22-cv-1817 (M.D. Pa.) (same); *Priego v. Keystone Rural Health Center*, Franklin County Court of Common Pleas Case No. 2022-3653.

dismissing her original action. But two of the four consolidated cases were first removed from state court and this forum shopping tactic should fare no differently. The local controversy is not applicable here.

17. The second exception to subject matter jurisdiction, the "home state exception," would require the party seeking to invoke this exception to first establish that the citizenship of the members of two-thirds or more of the identified persons is Pennsylvania. *Id*. at 503. Plaintiff could never make such a demonstration without speaking directly to every person notified at a Pennsylvania address to ascertain whether it was "his true, fixed and permanent home and place of habitation" and "the place to which, whenever he is absent, he has the intention of returning." *Corrrado v. Timber Ridge Health Care Ctr*., No. 3:17-CV-123, 2017 WL 2288858, at *3 (M.D. Pa. May 25, 2017).

18. That is especially true here given Defendant, formerly known as the Keystone Migrant Health Center, has a stated mission of providing services to temporary migrant agricultural workers. In fact, Defendant is the sole grantee in Pennsylvania providing services to temporary migrant agricultural workers across the state who very likely lack the intent to remain in Pennsylvania.[3] By definition of the Pennsylvania Department of Agriculture, Defendant is providing services under

[3] https://keystonehealth.org/keystoneagworkerprogram/.

this grant only to individuals employed on a seasonal or other temporary basis.[4] In addition, there are 22 colleges within 50 miles of the Defendant's primary health care locations in Chambersburg, Pennsylvania.[5]

19. For example, multiple persons were notified at the following locations: the harvest worker camp locations possibly associated with Bonnie Brae Fruit Farms, the address for Vallorani Mushrooms, the South Mountain Restoration Center (a residential facility assisting individuals in recovery with the stated goal of helping "residents return to their home in their community"), the mailing address for Penn State Mont Alto and Mercersburg Academy and the address of a student apartment complex near Shippensburg. Given the specific population of the persons served by Defendant, it is more likely than not that less than two-thirds of the persons consider a Pennsylvania address "his true, fixed and permanent home and place of habitation."

20. Had Plaintiff followed this Court's order and sought the express permission of lead co-counsel before filing a state court action, she would have known that federal jurisdiction is proper.[6] According to the documentation currently in

[4] https://www.agriculture.pa.gov/Business_Industry/Farm%20Labor%20Camp%20Housing/pages/default.aspx.

[5] https://www.collegesimply.com/colleges-near/pennsylvania/chambersburg/.

[6] See Defendant's Response to Keystone Rural Health Center Data Breach Jurisdictional Discovery Letter, provided to Lead Co-Counsel on November 30, 2022, and attached here as **Exhibit D**.

Keystone's possession, more than one third of notified persons are likely not even residents of Pennsylvania, let alone citizens. Of the notification letters mailed to a Pennsylvania address, over 44% duplicate at least five times, strongly suggesting that some are former residents and/or are not current citizens. Considering that Pennsylvania's average household size is only 2.48 persons per household, it is possible any address appearing more than three times includes at least one non-resident.[7] That puts the residency of almost half the persons notified in doubt. And where it is not possible to determine whether almost half the proposed class still resides in Pennsylvania, it is certainly not possible to ascertain their intent to remain there indefinitely.

21. Lastly, for this Court to invoke its jurisdiction under CAFA, the amount in controversy must exceed the sum or value of $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). CAFA directs courts to aggregate the claims of all class members when determining whether this jurisdictional threshold is met. 28 U.S.C. § 1332(d)(6).

22. The plaintiff is master of its complaint and, "[i]n removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 398-399 (3d Cir. 2004). Where, as here, the complaint lacks a specified amount of monetary relief,

---

[7] https://www.census-charts.com/HF/Pennsylvania.html

the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

23. While the other causes of action contain no allegations supporting or suggesting the amount of actual damages to which identified persons would be entitled for those claims, Plaintiff alleges one damage is the effort required "to closely review and monitor credit reports and various accounts for unauthorized activity." Complaint at ¶ 160.[8] The cost of credit monitoring is one "out-of-pocket expenses" commonly associated with the prevention, detection, and recovery that Plaintiff alleges she and the Class are at risk of in the future.

24. The three main identity-protection agencies—Equifax, LifeLock, and Experian—advertise monthly rates for credit-monitoring services ranging from $14.99 to $19.95 per person per month. Multiplying just the cost of providing two months of credit-monitoring services at $14.99 (the cheapest of the three products) by the number of Plaintiff's proposed class members, the amount in controversy for credit monitoring is approximately $6,582,258.90 (calculated as: 219,555 individuals notified, times 2 months, times $14.99 per month).

25. Accordingly, the three criteria for federal jurisdiction are satisfied. The notified population exceeds 100 members, it includes people across the United States

---

[8] This assertion is misnumbered under Count I as paragraph 23.

while Keystone is a citizen of Pennsylvania, creating minimal geographic diversity, and the amount in controversy exceeds $5 million. No exception exists and removal to federal court is proper.

26. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of removal to Plaintiffs and will file a copy of this Notice of Removal in the Franklin County Court of Common Pleas. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit E**. Pursuant to Federal Rule of Procedure 7.1, Keystone's corporate disclosure statement is attached as **Exhibit F**.

27. For the foregoing reasons, Defendant Keystone Rural Health Center respectfully requests that the Court remove this action, pending in the Franklin County Court of Common Pleas, to the United States District Court for the Middle District of Pennsylvania.

Dated: December 20, 2022 Respectfully submitted,

*/s/ Carrie Dettmer Slye*
Carrie Dettmer Slye (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: 513.929.3400
cdettmerslye@bakerlaw.com

Casie D. Collignon (admitted pro hac vice)
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400

Denver, CO 80202-2662
Telephone: 303.861.0600
ccollignon@bakerlaw.com

*Attorneys for Defendant Keystone Rural Health Center*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 20, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Carrie Dettmer Slye*
Carrie Dettmer Slye